**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

| | |
|---|---|
| BILAL A. ABDULLAH, d/b/a BALL ALL DAY LONG, a sole proprietorship,<br><br>Plaintiff,<br><br>v.<br><br>UNDER ARMOUR, INC., a Maryland corporation<br><br>Defendant. | **COMPLAINT FOR TRADEMARK INFRINGEMENT**<br><br>**Jury Trial Demanded** |

Plaintiff BILAL A. ABDULLAH, d/b/a BALL ALL DAY LONG, ("Plaintiff") alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.,* and Maryland statutory and common law. Plaintiff seeks equitable and monetary relief from Defendant's willful violations of Plaintiff's BALL ALL DAY LONG trademark.

## PARTIES

2. Plaintiff resides in the County of San Diego, State of California.

3. Defendant is a corporation organized and existing under the laws of the State of Maryland and has a principal place of business located at 1020 Hull Street, Baltimore, Maryland 21230.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because they are substantially related to its federal claims and arise out of the same case or controversy.

5. This Court has general personal jurisdiction over Defendant based on its continuous and systematic contacts with Maryland, including its sale of products through stores in Maryland and shipment of products from and into Maryland. This Court has specific personal jurisdiction over Defendant because Defendant has purposefully availed itself of the privilege of conducting business in Maryland.

6. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims have occurred and are continuing to occur in this District and because Defendant's principal place of business is in this District.

## PLAINTIFF'S TRADEMARK AND DEFENDANT'S INFRINGEMENT

7. Plaintiff was granted United States Patent and Trademark Office, Trademark Registration Number 3,691,395 for the Trademark BADL BALL ALL DAY LONG for T-shirts, baby t-shirts, sweat pants, hats, wrist bands and other clothing items. ("Mark"). A true and correct copy of the Registration is attached hereto as Exhibit 1. Plaintiff started its company in 1998 and began using the Mark at or about the same time.

8. Since the registration of the Mark, Plaintiff has continually used the Mark in advertising campaigns and in the community, including through its website at www.ballalldaylong.com and

other channels. Plaintiff promotes community events and its products using the Mark and Plaintiff's customers and others have come to recognize Plaintiff's Mark.

9. Defendant is one of the most successful and well-known providers of sports-related apparel such as t-shirts, sweat pants, hats and other items. Defendant's products are sold throughout the United States and world-wide. On information and belief, Defendant's revenues from the sale of its products exceed $2.3 billion per year.

10. Plaintiff discovered that Defendant was infringing on Plaintiff's Mark by selling and promoting products under the mark BALL DAY LONG. Plaintiff is informed and believes that Defendant has used celebrities and professional basketball players to promote and market Defendant's products using the infringing mark BALL DAY LONG. Such celebrities and professional basketball players include Stephen Curry form the Golden State Warriors and Brandon Jennings of the Detroit Pistons.

11. Plaintiff has notified Defendant of Defendant's infringing actions and has demanded that Defendant cease and desist from continuing to infringe upon Plaintiff's Mark; however Defendant has not done so and continues to promote and sell products under the mark BALL DAY LONG.

**FIRST CLAIM FOR RELIEF**
**Trademark Infringement Under**
**Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1)**

12. Plaintiff repeats and realleges each and every allegation set forth above.

13. Defendant's wrongful use of the Mark constitutes infringement of Plaintiff's registered Mark and is likely to cause confusion, mistake, and deception of the public as to the identity and origin of Plaintiff's good, causing irreparable harm to Plaintiff for which there is no adequate

remedy at law. Without Plaintiff's consent, Defendant used and continues to use in commerce reproductions, copies, and colorable imitations of Plaintiff's registered Mark in connection the offering, distribution and/or advertising of goods and services, which is likely to cause confusion, mistake, or to deceive in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

**SECOND CLAIM FOR RELIEF**
**Trademark Infringement, False Designation of Origin, Passing Off, and Unfair Competition**
**Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)**

14. Plaintiff repeats and realleges each and every allegation set forth above.

15. Defendant's actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant, its products, its services, and/or its commercial activities by or with Plaintiff, and thus constitute trademark infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

**THIRD CLAIM FOR RELIEF**
**Trademark Infringement Under Md. Code Bus. Reg. § 1-414 *et seq.***

16. Plaintiff repeats and realleges each and every allegation set forth above.

17. Defendant's use, without the consent of Plaintiff, of a reproduction and/or colorable imitation of Plaintiff's registered Mark in connection with the sale, offering for sale, and/or advertising of goods or services, is likely to cause confusion, or to deceive as to the origin of the goods or services, and thus constitutes trademark infringement in violation of MD. Code Bus. Reg. § 1-414 *et. seq.*

**FOURTH CLAIM FOR RELIEF**
**Trademark Infringement and Unfair Competition Under Maryland Common Law**

18. Plaintiff repeats and realleges each and every allegation set forth above.

19. Defendant's actions, as described herein, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant, its products, its services, and its commercial activities by or with Plaintiff such that Defendant's acts constitute infringement of Plaintiff's rights, misappropriation of goodwill in the Mark, and unfair competition under Maryland common law.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays judgment against Defendant, as follows:

A. That Defendant be preliminarily and permanently enjoined from using Plaintiff's Mark or any colorable imitation thereof and using any trademark that imitates or is confusingly similar to or in any way similar to Plaintiff's Mark or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Plaintiff's product or the connectedness to Defendant.

B. That Defendant be ordered to deliver over for destruction all labels, signs, print, packages, wrappers, advertising, promotional material, or the like in the possession custody or control of Defendant which infringe on Plaintiff's trademark as alleged herein.

C. For an Order requiring Defendant to account for and pay to Plaintiff all profits arising from the foregoing acts, in accordance with 15 U.S.C. § 1117 and any and all other applicable laws, including but not limited to Md. Code Bus. Reg. § 1-414 *et seq.*

D. For an Order requiring Defendant to pay Plaintiff damages in an amount as yet undetermined caused by the foregoing acts, and trebling such damages, in accordance with 15 U.S.C. § 1117 and other applicable laws, including but not limited to Md. Code Bus. Reg. § 1-414 *et seq.*

E. For an Order requiring Defendant to pay Plaintiff compensatory and punitive damages for trademark infringement and unfair competition under Maryland common law.

F. For other relief as the Court may deem appropriate.

**JURY DEMAND**

Pursuant to Rule 38, of the Federal Rules of Civil Procedure, Plaintiff respectfully demands trial by jury on all issues properly triable by a jury in this action.

Respectfully submitted,

Dated: July 29, 2014

Andrew C. Aitken, Esq.
Bar No. 06413
Aitken Law Offices
P.O. Box 1810
Wheaton, MD 20915
(301) 537-3299
E-Mail: acaitken@aitkenlawoffices.com
*Attorney for Plaintiff*
*Mr. BILAL A. ABDULLAH*